UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SMITH,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>         Defendants. | No. 19-CV-2989 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

  John Smith ("Plaintiff") brought this Action on April 2, 2019, alleging that, while in the custody of the Federal Bureau of Prisons ("BOP"), he suffered injuries in an automobile collision during transport between a medical facility and a federal detention facility. (*See* Compl. (Dkt. No. 2).) Plaintiff originally brought claims against the United States pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See id.*) Following a Pre-Motion Letter submitted by Defendants, the Court set a briefing schedule for a motion to dismiss. (*See* Dkt. No. 26.)[1]

  Defendants filed a Motion To Dismiss the Complaint (the "Motion") on January 27, 2020. (*See* Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. Nos. 32–33).) Plaintiff submitted an Opposition on March 16, 2020. (*See* Pl.'s Mem. in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 35).)

  In their Motion, Defendants argued in part that any *Bivens* claim should be dismissed because the instant circumstances would require the Court to recognize a new kind of *Bivens*

---

  [1] "Defendants" refers to the United States of America (the "Government"), Lieutenant Poitras ("Poitras"), Lieutenant Hunter ("Hunter"), Correctional Officer Zurida ("Zurida"), and Correctional Officer Hoehmann ("Hoehmann"). (*See* Compl.)

claim, which it should not do, especially given that the FTCA already provides a remedy for Plaintiffs' negligence claims. (*See* Defs.' Mem. 6–10.) Defendants also argued that to the extent the Court chooses to recognize a *Bivens* claim for any purported indifference to serious medical needs, it fails either on the merits of such a claim or because Defendants are entitled to qualified immunity. (*See id*. at 11–14.) In the face of these arguments, Plaintiff stated in his Opposition that he "concedes that under the Supreme Court's holding in [*Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017)], his *Bivens* claim should be dismissed." (Pl.'s Mem. 2.) Accordingly, the Court dismisses Plaintiff's *Bivens* claim.

Defendants also argued, because of lack of clarity regarding what incident exactly underlies Plaintiff's FTCA claims, that they should be dismissed for failure to state a claim. (*See* Defs.' Mem. 3–6.) In response to these arguments, Plaintiff stated that his FTCA claim pertained to the negligence of the drivers of the vehicles leading to the collision and not the lack of adequate medical care that he received afterwards. (*See* Pl.'s Mem. 2–3.) Plaintiff also argued that he had adequately pled the existence of sufficiently serious injuries as a result of the collision. (*Id*. at 4–7.) In response to Plaintiff's Opposition, Defendants wrote a letter notifying the Court that it wished to withdraw its pending Motion on the FTCA claims. (*See* Dkt. No. 37.)

Accordingly, pursuant to the Parties' own resolution of the issues raised in the Motion, the *Bivens* claim is dismissed, and the Action may proceed on the FTCA claim, as described in Plaintiff's Opposition.

It is hereby:

ORDERED that the Clerk of Court terminate the pending Motion, (Dkt. No. 32);

ORDERED that the Clerk of Court mail a copy of this Order to Plaintiff; and

ORDERED that the Parties submit a proposed discovery and case management schedule within 30 days of the date of this Order.

SO ORDERED.

Dated: April 6, 2020
       White Plains, New York

                                                      KENNETH M. KARAS
                                               United States District Judge